IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Laurie Ousley, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No. 2:24-cv-02096-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **COMPLAINT** **(FLSA Collective Action/Class Action under the S.C. Payment of Wages Act)** |
| Coastal Pure Beverages, LLC; Silver Screen Bottling Co. d/b/a Coastal Pure Beverages; Christopher Brett Thomason; and Gordon Whitener, | ) ) ) ) ) | **Jury Trial Requested** |
| Defendants. | ) | |

Plaintiff Laurie Ousley, individually and on behalf of all other similarly situated individuals, by way of her Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1.      This action arises out of Defendants' systemic policy and practice of failing to pay employees for all hours worked.

2.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt in to this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

3.      Plaintiff also brings this action on behalf of herself and similarly situated current and former employees in South Carolina pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq.* ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff repeats and realleges the preceding paragraphs as if set forth verbatim herein.

5.      Plaintiff Laurie Ousley ("Ousley") is a citizen and resident of Berkeley County, South Carolina.

6.      Defendant Coastal Pure Beverages, LLC is a business organized under the laws of the State of South Carolina operating in Charleston County.

7.      Defendant Silver Screen Bottling Co. d/b/a Coastal Pure Beverages is a business operating in Knoxville, Tennessee and Charleston, South Carolina.

8.      Defendant Coastal Pure Beverages, LLC and Defendant Silver Screen Bottling Co. d/b/a Coastal Pure Beverages operate/operated a production and bottling facility in Charleston County under the trade name "Coastal Pure Beverages" ("CPB").

9.      Defendant Christopher "Brett" Thomason ("Thomason") is a citizen and resident of the state of Tennessee who has engaged in business in Charleston County within the past three years and continues to engage in business in Charleston County.

10.     Defendant Gordon Whitener ("Whitener") is a citizen and resident of the state of Tennessee who has engaged in business in Charleston County within the past three years and continues to engage in business in Charleston County.

11.     Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. §216(b), on behalf of a class of all individuals employed by Defendants at any time within the three years prior to joining this lawsuit, who were employees of Defendants and did not receive their proper compensable wages, including minimum wage and/or overtime pay.

12.     Plaintiff also brings this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Defendants at any time within the three years prior to the commencement of this lawsuit who were not paid all of their lawful wages as required by state law.

13.     Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

     a.     The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

     b.     There are questions of law and/or facts common to the members of the proposed Plaintiff class;

     c.     The claims of Plaintiff, the representative of the proposed Plaintiff class, is typical of the claims of the proposed Plaintiff class; and

     d.     Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

14.     In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

16.    In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent and supplemental claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

17.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendants operated a business located within this judicial district and division and the unlawful labor practices giving rise to the Plaintiff's claims were committed in the Charleston Division of this Court.

18.    Defendant Thomason exercises operational control over Coastal Pure Beverages and is its Chief Executive Officer ("CEO") and 22% owner. Defendant Thomason, individually and with his co-owner Defendant Whitener, had the authority to hire, discipline, and fire employees; was involved in the decisions to set wages and pay employees; and, therefore, Thomason is individually liable to Plaintiff and all other similarly situated employees.

19.    Defendant Whitener exercises operational control over Coastal Pure Beverages and is its Chairman and 78% owner. Defendant Gordon Whitener, individually and with his co-owner Defendant Thomason, had the authority to hire, discipline, and fire employees; was involved in the decisions to set wages and pay employees; and, therefore, Whitener is individually liable to Plaintiff and all other similarly situated employees.

### **FACTS**

20.    Plaintiff repeats and realleges the preceding paragraphs as if set forth verbatim herein.

21.    Defendant Coastal Pure Beverages is a spirits licensing, bottling, and distribution company, jointly owned and operated by the Defendants herein. Defendants partner with entertainment brands and celebrities to create, license, and bottle custom spirits.

22.    Upon information and belief, in or around November 2022, Silver Screen Bottling Co. acquired Coastal Pure Beverages, LLC, also formerly known as Green River Spirits Charleston, LLC, and Terressentia.[1]

23.    Defendants have operated a production and bottling facility located at 4100 Carolina Commerce Parkway, Ladson, SC 29456 since their acquisition of Coastal Pure Beverages, LLC.

24.    Plaintiff, Laurie Ousley, has been an employee of Defendants and the predecessor companies since approximately June 2017. Ousley's Consent to Join Form is attached as "Exhibit A."

25.    Plaintiff has served in various roles for the company and was most recently employed as the Director of Human Resources.

26.    In 2023, Defendants began a course of failing to timely pay employees their wages when they were due and, in some instances, failed to pay wages altogether.

27.    For example, Defendants were obligated to pay Plaintiff and others similarly situated on their regular pay day of November 8, 2023. Defendants, however, did not pay Plaintiffs their owed wages on November 8, 2023 and only ultimately paid such wages on November 17, 2023, nine days after they were legally due and owed to Plaintiff and others similarly situated. Defendants also failed to pay Plaintiff and others similarly situated the wages they were owed on at least four other regular pay dates in 2023 and only eventually paid them after the wages were due, in violation of federal and state law.

---

[1] https://charlestonbusiness.com/knoxville-spirits-company-acquires-charleston-coastal-pure-beverages/ (last accessed April 17, 2024).

28.    Further, Defendants completely failed to pay Plaintiff and others similarly situated their earned wages owed on December 6, 2023, and on December 20, 2023 – both regular pay days for them. Defendants have still not compensated Plaintiff and others similarly situated for these owed wages.

29.    This course of failing to timely pay wages or failure to pay wages altogether continued into 2024.

30.    For example, Defendants wholly failed to pay Plaintiff and others similarly situated for their owed wages on January 3, 2024, which was the first regular pay day of the 2024 calendar year. Defendants have still not compensated Plaintiff and others similarly situated for these owed wages.

31.    Similarly, Defendants did not timely pay Plaintiff and others similarly situated their owed wages on February 14, 2024, or on March 27, 2024, which were the dates the wages were due, and only eventually paid such wages after they were due.

32.    When questioned about the missing or late payments, Defendants informed employees that they were allegedly finalizing a merger or acquisition of the business that would ultimately result in payment of their owed wages.

33.    Plaintiff and all other similarly situated employees continued working without any pay during some pay periods and with late payment during other pay periods, in reliance on Defendants' assurances of payment for all past and present wages owed once the purported merger or acquisition was complete.

34.    Unfortunately, in late March 2024, employees were informed by Defendants that the company would be closing after April 5, 2024, because they were "no longer able to provide the

resources necessary to continue operations and service our clients" and that employees should make arrangements to "find new employment."

35.    No employee was paid their final paycheck, which was due and should have been paid on April 10, 2024.

36.    Additionally, Plaintiff and others were required to perform work tasks during the weeks of April 8-12, 2024, and April 15-19, 2024, relating to the wrapping up of the business. Defendants have not compensated Plaintiff and others at their regular rate of pay for this time either.

37.    In addition to Defendants' failing to pay all regular wages to Plaintiff and others similarly situated when they were due, Defendants also failed to compensate them for benefits, such as HSA and 401(k) payments, and failed to pay bonuses that were owed pursuant to their agreement and/or Defendants' policies.

38.    Defendants also had a formal written paid time off ("PTO") policy providing the accrual of PTO time to all full-time employees and providing payment of all earned, but unused, PTO time should an employee "resign, retire, or otherwise separate from the company" for any reason.

39.    Plaintiff and others similarly situated had accrued and unused PTO time when Defendants closed the facility (or when separating employees left prior to the closure) and these wages were legally owed at the time of their final paycheck following separation from the company, but were also not paid.

**FACTS AS TO INDIVIDUAL DEFENDANTS THOMASON & WHITENER**

40.    Plaintiff repeats and realleges the preceding paragraphs as if set forth verbatim herein.

41.     As set forth above, individual Defendants Thomason and Whitener both had significant operating control over the employees of CPB, including the Plaintiff and other employees.

42.     Defendants Thomason and Whitener had control over the conditions of Plaintiff's and other similarly situated employees' employment, including determining not only the rate and timing of payment of their wages, but whether their wages would even be paid at all during any given pay period.

43.     For example, the individual Defendants made the ultimate decisions regarding pay increases for employees, accepted resignations from departing employees, and determined which roles and duties employees would fulfill within the organization.

44.     Specifically, in September 2023, the individual Defendants agreed to increase, and in fact did increase, the pay for employees Jolene Miller and Klaus Lapine.

45.     Additionally, in 2023, the individual Defendants approved layoffs and authorized severance pay to separated employees.

46.     The individual Defendants even made the ultimate decision to cease operations at CPB and end Plaintiff's and other employees' employment in April 2024.

47.     The individual Defendants themselves requested performance of specific wrapping up job tasks from Plaintiff and others after the company formally closed on April 5 (during the weeks of April 8 – 12 and April 15 – 19) including tasks relating to customer refunds, accounts receivable, customer alcohol taxation matters, facility access and equipment issues, inventory, and customer invoicing. None of this time was compensated.

### FOR A FIRST CAUSE OF ACTION
**(Fair Labor Standards Act – Failure to Pay Minimum and Overtime Wages)**
**(Individual and Collective Action)**

48.     Plaintiff repeats and realleges the preceding paragraphs as if set forth verbatim herein.

49.     Defendants Coastal Pure Beverages, LLC and Silver Screen Bottling Co. d/b/a Coastal Pure Beverages are "employers" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because they have annual gross sales or business of at least $500,000.00 and have employees engaged in interstate commerce by, among other acts, entering into contracts, communicating, and otherwise conducting business over and across state lines.

50.     At all times relevant herein, Coastal Pure Beverages, LLC and Silver Screen Bottling Co. d/b/a Coastal Pure Beverages have conducted business as a unified operation involving common control for a common business purpose with each other, such that they are part of the same business enterprise for purposes of the FLSA.

51.     The individual Defendants, Thomason and Whitener, are also "employers" under 29 U.S.C. § 203(d) because they have acted directly or indirectly in the interests of their corporate entities, business operations, and/or one another in relation to their employees, including Plaintiff and others similarly situated.

52.     In addition, Plaintiff and others similarly situated were covered "employees" under the FLSA during all times relevant to this Complaint because they were involved in interstate commerce on a regular basis during their employment with Defendants.

53.     Defendants have failed to pay Plaintiff and others similarly situated an hourly rate of at least the minimum wage of $7.25 per hour for each and every hour worked, as required by Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C).

54.     Defendants altogether failed to pay Plaintiff and others similarly situated for wages earned during some pay periods and only paid owed wages for other pay periods well after they were legally due.

55.    Plaintiff and others similarly situated are entitled to minimum wage for every hour worked, and overtime wages where applicable, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56.    The failure of Defendants to timely compensate Plaintiff and others similarly situated at least minimum wage was knowing, willful, intentional, and done in bad faith.

57.    Plaintiff and others similarly situated are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA for all wages that were never paid and for all wages that were paid well after they were legally due, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58.    Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

59.    Plaintiff repeats and realleges the preceding paragraphs as if set forth verbatim herein.

60.    Defendants Coastal Pure Beverages, LLC and Silver Screen Bottling Co. d/b/a Coastal Pure Beverages are "employers" as defined by the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10(1), because they have employed individuals within the State of South Carolina within the relevant time period.

61.    The individual Defendants, Thomason and Whitener, are also "employers" as defined by the SCPWA because they are officers and owners of the corporate Defendants, Coastal Pure Beverages, LLC and Silver Screen Bottling Co. d/b/a Coastal Pure Beverages, and had the authority and obligation to ensure that their companies complied with applicable state and federal laws regarding employee compensation, including the SCPWA.

62.     Defendants employed Plaintiff and others similarly situated within the State of South Carolina.

63.     Defendants owe Plaintiff and others similarly situated "wages" as defined in Section 41-10-10(2) of the SCPWA, to compensate them for labor rendered to Defendants, as promised to Plaintiff and others similarly situated pursuant to their employment arrangement, Defendants' policies and plans relating to wage payment, and as required by law.

64.     Defendants required Plaintiff and others similarly situated to work and did not pay them for all services rendered for the benefit of Defendants at the time payment was due and, in some instances, never paid them at all.

65.     Defendants also failed to pay Plaintiff and others similarly situated for their accrued but unused PTO time, the value of their benefits, and bonus payments that were due.

66.     Defendants have failed to pay Plaintiff and others similarly situated all wages due at the time they were due, as required by Sections 41-10-40 and -50 of the SCPWA.

67.     Defendants' failure to pay Plaintiff and others similarly situated all wages due when they were due was knowing, willful, and without justification.

68.     Plaintiff and others similarly situated are entitled to recover treble damages for all wages that were never paid and for all wages that were paid well after they were legally due, plus costs and reasonable attorneys' fees, pursuant to Section 41-10-80(C) of the SCPWA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a.     An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action under the FLSA;

b.     A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage and overtime provisions of the FLSA, and deprived Plaintiff and the FLSA Collective Members of their rights to such compensation when such compensation was legally due;

c.     An award of monetary damages to Plaintiff and the FLSA Collective Members in the form of back pay for unpaid wages due, together with liquidated damages in an amount equal to the wages that were never paid at all and in an amount equal to the wages that were not timely paid when they were legally due;

d.     An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

e.     An award of monetary damages to Plaintiff and others similarly situated in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act, as well as treble damages for all wages that were not paid at the time they were legally due;

f.     Pre-judgment interest;

g.     Attorneys' fees and costs; and

h.      Such further relief as the Court deems just and proper.


FALLS LEGAL, LLC


s/ J. Scott Falls
J. Scott Falls
Federal I.D. No.  10300
E-mail:  scott@falls-legal.com
Ashley L. Falls
Federal I.D. No. 12083
E-mail:  ashley@falls-legal.com
P.O. Box 12910
Charleston, South Carolina  29422
Telephone: (843) 737-6040
Facsimile:  (843) 737-6140

Counsel for Plaintiff Laurie Ousley, on behalf of
herself and all others similarly situated

Charleston, South Carolina
April 19, 2024

# EXHIBIT A

Opt-In Form

## **CONSENT TO JOIN**

I agree to join the lawsuit *Laurie Ousley v. Coastal Pure Beverages, LLC, et al.*, or any other action that is filed against Defendants and/or related entities, to pursue owed wages under the Fair Labor Standards Act and/or the South Carolina Payment of Wages Act. I hereby designate Falls Legal, LLC to represent me and make all decisions on my behalf concerning the litigation, including any settlement thereof.

Date: 4/18/2024 _____         Signature: _____

                                         Name: Laurie Ousley _____